LOUIS A. LEHMAIER *vs.* E. T. BEDFORD ET ALS.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The articles of association of the Norwalk Hospital Association, provided for two classes of directors: one to hold office for life, the other to be annually elected; that persons contributing at one time $200 should be directors for life; that the elected directors should be twelve in number, seven of whom should constitute a quorum for the transaction of business; that there should be an annual meeting of "the directors," at which seven of the elected directors should constitute a quorum for the election of officers, an executive committee, visitors, attending physicians and surgeons, etc. Other articles provided that the executive committee should consist of three, who should, subject to the regulation of the directors, manage the financial and other affairs of the hospital; that a number of other matters should be determined by "the directors," who should from time to time make regulations; that the "board of directors" should have power to make rules and by-laws; that the president should preside at all meetings of "the directors"; and finally, that "these articles may be altered, amended or repealed

by the corporation at any meeting called for that purpose." In a suit seeking a declaratory judgment determining the plaintiff's rights and duties as a "life director," it was *held* that inasmuch as the articles of association contained no direct intimation that life directors were not to attend meetings and participate in the supervisory management of the corporation upon the same terms as the elected directors, this court could not construe the articles as making any distinction between them; and therefore the plaintiff, as a life director, was entitled to exercise all the rights, powers and privileges, and to perform all the duties of a director of the association.

It appeared that there were one hundred and eight life directors, and it was urged that this would make an unwieldy number of managers. *Held* that while no practical inconvenience had apparently resulted from this fact, the remedy, if one were needed, was in the hands of the corporation, which also, by a change in its articles, could settle all uncertainty as to the powers and duties of "life directors."

Argued June 13th—decided July 27th, 1923.

SUIT to obtain a declaratory judgment ascertaining the right of the plaintiff, as a "life director" of the Norwalk Hospital Association, to participate in the meetings and proceedings of the directors of the Association, and his rights and duties as such director, brought to and reserved by the Superior Court in Fairfield County, *Maltbie, J.,* upon an agreed statement of facts, for the advice of this court. *Superior Court advised that plaintiff is entitled to exercise all the rights, powers and privileges, and to perform all the duties, of a director of the Association.*

The agreed statement of facts is as follows:—

"1. Pursuant to the statute laws of the State of Connecticut regulating the formation and organization of corporations where no capital stock is created, the Norwalk Hospital Association became a body politic and corporate, and the Articles of Association set forth in paragraph 1 of the complaint are its duly-adopted Articles of Association, and its duly-adopted by-laws are hereto annexed and marked Exhibit A.

"2. By said Articles of Association, two classes of

directors were created. The directors of one of said classes were elected by the members of the association and were to hold office for stated terms; directors of the other class were made up of those who should pay the sum of Two Hundred Dollars at any one time for the use of the Association, and such directors were to hold office for life.

"3. Pursuant to the provisions of said Articles of Association, the plaintiff contributed at one time for the use of said Corporation the sum of Five Hundred Dollars and thereupon became and was designated as a life director of said corporation. At the time of the directors' meeting hereinafter referred to, there were seventy-three life directors of the Norwalk Hospital Association, and the present number of such life directors is one hundred and eight.

"4. At all the times hereinafter mentioned, the defendants were all, and all of, the elected directors of said corporation.

"5. On the 10th day of October, 1922, a regular monthly and the annual meeting of the directors of said Norwalk Hospital Association, was held at the Norwalk Hospital, at which there were present elected directors, Russell Frost, Samuel Roodner, F. H. Quintard, R. G. Hanford, William C. Baur, E. E. Gorham, David Spence, and the following life directors: George F. Butterworth, Harry Stacey Benton and Louis A. Lehmaier, the plaintiff herein, at which said meeting the officers of said Association and the superintendent of the hospital were elected, and other business proper to come before said meeting was transacted.

"6. At said meeting, the plaintiff attempted to discharge his duties and exercise his rights as such director, and to participate in the deliberations of said meeting and to vote upon questions before said meeting.

"7. The chairman of said meeting refused to allow

the plaintiff to offer a motion or to vote upon any motion before said meeting, upon the ground that the plaintiff was a life director of said Association and that only elected directors had any right to vote or participate in such meetings, and the ruling of the chairman so made was sustained by a vote of a majority of the directors present and voting, only the votes of the elected directors being counted.

"8. The defendants, directors of said Norwalk Hospital Association, elected as aforesaid, have refused and continue to refuse to allow the plaintiff and all other life directors to participate in any meeting of said directors, or to offer any motions before such meetings, or to count their votes on any subject voted upon by such meetings.

"9. The Norwalk Hospital Association has reasonable notice of the pendency of this action."

The questions upon which the advice of the Supreme Court of Errors is desired, are as follows:—

"1. Whether the plaintiff, upon the foregoing facts, has a right to participate in all meetings and proceedings of the directors of said Norwalk Hospital Association.

"2. Whether he has a right to vote in said meetings upon all matters coming before the same.

"3. Whether he is entitled to exercise all the rights, powers and privileges and perform the duties of a director of said Hospital Association in the same manner and to the same extent as an elected director of said Association."

*Jesse T. Dunbar*, for the plaintiff.

*Wiliam H. Comley*, for the defendants.

BEACH, J. Article IV of the Articles of Association of the Norwalk Hospital Association, provides that

"there shall be two classes of directors—one to hold office for life, the other to be annually elected. Persons contributing at any one time . . . the sum of two hundred dollars shall be directors for life"; that the elected directors shall be twelve in number; and that seven of the elected directors shall constitute a quorum for the transaction of business.

Article V provides that "there shall be an annual meeting of the directors, at which seven of the elected directors shall constitute a quorum" for the election of officers, an executive committee, visitors, attending physicians and surgeons, etc. Other articles provide that the executive committee shall consist of three, who shall, "subject to the regulation of the directors," manage the financial and other concerns of the hospital; that the number of visitors "shall be determined by the directors"; that the board of physicians and surgeons shall consist of as many members as shall "be chosen by the directors at their annual meeting"; that "the directors" shall, from time to time, make certain regulations; that "the board of directors" shall have power to make rules and by-laws; that the president shall preside at all meetings of "the directors"; and finally, that "these articles may be altered, amended or repealed by the corporation at any meeting called for that purpose."

It would seem from the last-quoted provision, that if any uncertainty exists as to the powers and duties of the so-called "life directors," the corporation might settle it at any meeting called for that purpose.

But assuming that the contending parties have a right to have the present articles of association authoritatively construed, it is first to be noted that they contain no direct intimation that the life directors are not to attend meetings and to participate in the supervisory managment of the corporation on the same

terms as the elected directors. That being so, we cannot find in the articles of association any authority for refusing to permit the plaintiff to offer a motion or to vote at the annual meeting of the directors in 1922. The provision for an annual meeting of the directors, at which seven elected directors shall constitute a quorum, very plainly contemplates the presence of some of the other class of directors at the meeting, and the twelfth by-law, which provides that the by-laws shall not be changed unless the alteration is "proposed in writing . . . by at least twelve directors, of whom six shall be elected directors," necessarily assumes that the other six may be life directors. If it had been intended, as the defendants claim, that the life directors were to be merely "honorary directors," that they were to have none of the ordinary privileges of directors but merely to wear an empty and somewhat self-contradictory title, it would seem that such an unusual condition would have been plainly expressed in the articles of association. The articles also provide that those who contribute $500, shall not only be life directors, but vice-presidents for life, but it is elsewhere provided that all the duties of that office shall be performed by the elected vice-president. This again emphasizes the failure to put a like limitation on the privileges of life directors. It is pointed out that there are now one hundred and eight life directors, making, with the twelve elected directors, a board of one hundred and twenty. It must be admitted that this is a somewhat unwieldy number of managers; but the statement of facts does not show that any practical inconvenience has followed. On the contrary, there were but ten directors of both classes present at the annual meeting of 1922. Moreover, the remedy, if one be needed in the future, is in the hands of the corporation.

It is also argued that if the life directors are counted as real directors, the provision that seven elected directors shall constitute a quorum, violated § 1928 of the Revision of 1888, declaring that "a majority of the directors of every corporation, convened according to the by-laws, shall constitute a quorum for the transaction of business." We think this section was directory, and did not prevent the corporators from agreeing that less than a majority should constitute a quorum. However that may be, the corporators did so agree, and as the section has been amended (Rev. 1918, § 3428), it no longer stands in the way, so far as a present declaratory judgment is concerned.

The Superior Court is advised to render judgment adjudging and declaring that the plaintiff as a life director of the Norwalk Hospital Association is entitled to exercise all the rights, powers and privileges, and to perform all the duties of a director of the association.

In this opinion the other judges concurred.